IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN KOCHER, #Y30177,<br><br>        Plaintiff,<br><br>v.<br><br>PERCY MYERS,<br>JOHN R. BALDWIN,<br>ROB JEFFREYS,<br>SCOTT THOMPSON,<br>CHRISTINE BROWN,<br>WEXFORD HEALTH SOURCES, INC.,<br>and<br>JOHN/JANE DOES,<br><br>        Defendants. | Case No. 19-cv-01204-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Brian Kocher, an inmate of the Illinois Department of Corrections who is currently incarcerated at Big Muddy River Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while at Pinckneyville Correctional Center ("Pinckneyville"). He claims that Defendants acted with deliberate indifference in the treatment of his epilepsy. He seeks monetary damages and declaratory and injunctive relief.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed.

28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Kocher alleges the following: On July 5, 2018, he was transferred from the Northern Reception Center to Pinckneyville. (Doc. 1, p. 5). Upon arrival, he was taken to the health care unit for an initial intake medical exam. During the exam, he informed Jane Doe Nurse that he was epileptic and takes seizure medication. Jane Doe Nurse did not provide Kocher any medication or schedule him for a follow-up appointment with a physician, physician assistant, or nurse practitioner. From August 20, 2018, until December 17, 2018, he wrote letters to Dr. Percy Myers, Christine Brown, and Scott Thompson informing them of his epilepsy and that he was not receiving medication. (*Id.*). He did not receive a response to any letters. (*Id.* at p. 6).

On January 16, 2019, Kocher had a seizure and injured his head on the chuck hole, requiring twelve stiches. He was left on the floor for over two hours before medical personnel were called. Kocher was admitted to the health care unit and released on January 18, 2019. He still was not placed on any medication, and so he wrote another letter to Dr. Myers. (*Id.*). Dr. Myers did not respond. (*Id.* at p. 7). Around May 21, 2019, he wrote to Thompson and Brown informing them that Dr. Myers had still not prescribed any medication for his epilepsy and requested assistance, but neither Thompson nor Brown responded. Kocher had another seizure on June 14, 2019, and was left for two hours before medical personnel was called. Dr. Myers finally prescribed antiseizure

medication on June 23, 2019.

## PRELIMINARY DISMISSALS

Kocher names IDOC Director Baldwin and Acting Director Jeffreys in the case caption and in the list of defendants but makes no allegations against any of them in the body of the complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). And in the case of defendants who are in supervisory positions, the doctrine of *respondeat superior* is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Baldwin and Jeffreys cannot be liable merely because they are directors and "responsible for the health a wellbeing of each and every inmate[.]" (Doc. 1, p. 3). Accordingly, Baldwin and Jeffreys are dismissed from this action without prejudice.

Kocher also alleges that John and Jane Doe Defendants waited hours to provide him medical treatment following his seizures on two separate occasions and that Jane Doe Nurse failed to provide him seizure medication after arriving at Pinckneyville. (*Id.* at pp. 5-7, 11). While Kocher may use "John Doe" or "Jane Doe" to refer to parties whose

names are unknown, he must still follow Federal Rule of Civil Procedure 8 pleading standards and include a short, plain statement of the case against each individual. *See Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009). Because Kocher does not describe the unknown defendants or identify particular acts or omissions by individuals, John and Jane Doe Defendants, who failed to provide medical treatment following Kocher's seizures, are dismissed without prejudice. The Clerk of Court will be directed, however, to list separately Jane Doe Nurse in the docket.

Finally, Kocher states that Wexford Health Sources, Inc. ("Wexford") has an ongoing campaign of defrauding the state of Illinois by failing to provide constitutionally adequate health care. (Doc. 1, p. 11). Wexford will only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. Kocher fails to point to any specific policy or practice that led to a violation of his constitutional rights. He only offers legal conclusions of fraud, which are not enough. As such, Wexford is also dismissed without prejudice.

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following Count:

**Count 1:** Eighth Amendment claim against Dr. Myers, Thompson, Brown, and Jane Doe Nurse for deliberate indifference in the treatment of Kocher's epilepsy.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

**dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this state, the allegations in the Complaint state a claim for deliberate indifference against Dr. Myers, Thompson, Brown, and Jane Doe Nurse, and Count 1 survives preliminary review. *See Hudson v. McHugh,* 148 F.3d 859, 864 (7th Cir. 1998).

### MOTION TO APPOINT COUNSEL

Kocher has filed a motion asking the Court to recruit counsel on his behalf, which is denied.[2] (Doc. 3). It appears that Kocher has made reasonable efforts to obtain counsel on his own, and he has included names and addresses of several attorneys he has attempted to contact. As to his ability to represent himself, Kocher states that court recruited counsel is necessary because his imprisonment greatly limits his ability to litigate, and the case involves complex issues requiring significant research and investigation. Nonetheless, the Court finds that Kocher is capable of proceeding *pro se*, at least for now. His pleadings indicate that he can read and write in English effectively, and he appears competent to try this matter without representation at this early stage. Once discovery has commenced, if Kocher has significant difficulty, he may refile his motion.

### OFFICIAL CAPACITY CLAIMS AND INJUNCTIVE RELIEF

Kocher states that he is suing Dr. Myers, Thompson, Brown, and Jane Doe Nurse in their official and individual capacities. State officials named in their official capacities

---

[1] *See Twombly,* 550 U.S. at 570.
[2] In evaluating Kocher's Motion to Appoint Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

may not be sued for monetary damages in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Because Kocher has been transferred from Pinckneyville to Big Muddy River Correctional Center, his requests for injunctive relief regarding adequate medical treatment at Pinckneyville are now moot. *See, e.g., Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). The only relief available to Koch is money damages and thus, his claims against Defendants in their official capacities are dismissed.

### IDENTIFICATION OF UNKNOWN DEFENDANT

Kocher will be allowed to proceed with claims against Jane Doe Nurse, but this individual must be identified with particularity before service of the Complaint can be made. Kocher will have the opportunity to engage in limited discovery to ascertain her identity. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In that vein, Warden Thompson shall be responsible for responding to discovery aimed at identifying this unknown defendant. Once the name of the individual is discovered, Kocher shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

### DISPOSITION

For the reasons set forth above, the Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. **Count 1** shall proceed against **Dr. Myers, Thompson, Brown,** and **Jane Doe Nurse.** The Clerk of Court is **DIRECTED** to terminate **Baldwin, Jeffreys, Wexford,** and **John/Jane Does** as defendants in this action. The Clerk is further **DIRECTED** to list **Jane Doe Nurse** as a defendant in the docket.

The Motion to Appoint Counsel (Doc. 3) is **DENIED** without prejudice.

The Clerk of Court shall prepare for **Dr. Myers, Thompson, Brown,** and **Jane Doe Nurse** (once identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Kocher. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Kocher, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on **Jane Doe Nurse** until such time as Kocher has identified her by name in a properly filed motion for substitution. Kocher is **ADVISED** that it is his responsibility to provide the Court with the name and service addresses for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Kocher, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2(A).

Finally, Kocher is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   May 12, 2020

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Kocher is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Kocher need not submit any evidence to the Court at this time, unless specifically directed to do so.