IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN KOCHER,
#Y30177,

        Plaintiff,

v.

PERCY MYERS, M.D., *et al.*,[1]

        Defendants.

Case No. 19-cv-01204-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a motion to set aside the entry of default (Doc. 31) filed by Defendant Percy Myers, M.D. On May 14, 2020, Dr. Myers was issued a summons on Plaintiff's Complaint. (Doc. 14). Dr. Myers returned the waiver the same day, and his Answer was due July 13, 2020. (Doc. 15). Dr. Myers failed to file an Answer. Accordingly, the Court directed that default be entered against Dr. Myers on August 25, 2020 (Doc. 27). Before default was entered, Dr. Myers filed the pending motion to set aside the default.

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "In order to vacate an entry of default the moving party must show: (1) good cause for default, (2) quick action to correct it, and (3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45

---

[1] The Clerk is **DIRECTED** to correct the docket to reflect the proper name of Defendant Percy Myers, M.D. ("Perry Myers") as identified in his pending motion.

4

(7th Cir. 1994); *Cracco v. Vitran Express*, Inc., 559 F.3d 625, 630-31 (7th Cir. 2009). The standard for setting aside an entry of default is the same as that for setting aside a default judgment, but is applied more liberally. *Cracco*, 559 F.3d at 631.

Defendant Myers has met the standard for vacating the entry of default. Specifically, he has shown good cause because, for reasons unknown but being investigated, the service waiver and other file materials were not properly processed and counsel was not assigned. Myers also acted quickly to resolve the issue because counsel filed this motion before default was even entered by the Clerk. He also has a meritorious defense and seeks to file an Answer.

Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Dr. Myers has met the requirements of Rule 55(c) and **GRANTS** the Motion to Set Aside Order for Entry of Default (Doc. 31). The Clerk's Entry of Default (Doc. 32) is **VACATED**. Dr. Myers is also **GRANTED** leave to file an Answer by **September 10, 2020.**

**IT IS SO ORDERED.**

DATED:   August 27, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**